Merrimack,
No. 4545.

THE MECHANICKS NATIONAL BANK OF CONCORD
*Tr. u/w of Charles Sherman Hall*

*v.*

ERNEST R. D'AMOURS, *Director of Charitable
Trusts, The State of New Hampshire.*

Argued January 3, 1957.

Decided March 4, 1957.

*Orr & Reno* and *Charles H. Toll, Jr.* (*Mr. Toll* orally), for the plaintiff.

*Ernest R. D'Amours, pro se,* for the defendant.

KENISON, C. J. The first question transferred reads as follows: "1. Subject to the limitations contained in said plan for the establishment and maintenance of said common trust fund, may all of the assets of said residuary trust lawfully be invested in interests in said common trust fund by virtue of the provisions of RSA ch. 391 and notwithstanding the provisions of RSA 564:18?" This requires a determination of whether, notwithstanding the more general provisions of RSA 564:18 relating to investments by trustees, the Hall trust may be invested in the Common Trust Fund by virtue of the Uniform Common Trust Fund Act (RSA ch. 391) which allows a bank qualified to act as fiduciary to establish a common trust fund.

Although the Uniform Common Trust Fund Act was promulgated by the National Conference of Commissioners on Uniform State Laws in 1938 and has been adopted in at least twenty-six states, it has not been the subject of judicial interpretation. 9 Uniform Laws Annotated 148 and 1956 supp. *pp.* 67-69. The New York decisions concerning common trust funds are of limited value since they involve a statute (N. Y. Banking Law, *s.* 100 c) which is more inclusive and differs in many particulars from the Uniform Act. Bogue, Common Trust Fund Legislation, 5 Law & Cont. Probs. 430. See Restatement, Trusts, *s.* 227, *comment* j in 1948 supplement. "Common trust funds have become increasingly important since 1930, as a device by which relatively small trusts can have the benefit of a diversified investment, while the corporate fiduciary incurs a lower operating cost." 4 Powell, Real Property (1954) *s.* 546. *p.* 283. In practice as well as theory it has been said "that the beneficiaries of smaller trusts have gained a protection against capital loss and a continuing yield of income which would have been impossible without pooled management of this sort."

Shattuck and Farr, An Estate Planner's Handbook (2nd *ed.* 1953) *s.* 33 L, *p.* 191. See Survey of Common Trust Funds, 1955, 42 Federal Reserve Bulletin 800 (1956). The authority for a trustee to invest in common trust funds is generally recommended in estate planning. Stephenson, Drafting Wills and Trust Agreements, Administrative Provisions (1952) *s.* 19.19.

New Hampshire adopted the Uniform Common Trust Fund Act in 1953 with certain additions which are not material to the issues in this case. RSA ch. 391 (Laws 1953, *c.* 109). The establishment of common trust funds is permitted by RSA 391:1, the pertinent part of which reads as follows: "Establishment of Common Trust Funds. Any bank or trust company qualified to act as fiduciary in this state may establish common trust funds for the purpose of furnishing investments to itself as fiduciary, or to itself and others, as co-fiduciaries; and may, as such fiduciary or co-fiduciary, invest funds which it lawfully holds for investment in interests in such common trust funds, if such investment is not prohibited by the instrument, judgment, decree, or order creating such fiduciary relationship, and if, in the case of co-fiduciaries, the bank or trust company procures the consent of its co-fiduciaries to such investment . . . . " RSA 391:2 embodies the 1952 amendment to the original uniform act which was drafted to overcome the constitutional difficulties of notice by publication which was condemned in *Mullane* v. *Central Hanover Bank & Trust Company,* 339 U. S. 306. See Handbook, National Conference of Commissioners on Uniform State Laws (1952) *p.* 433; Note, Accounting for Common Trust Funds: A Statutory Scheme, 64 Harv. L. Rev. 473. RSA 391:3 relates to exemption from state taxability and is not in the uniform act as drafted. The remaining sections of RSA ch. 391 follow in substance the uniform act including RSA 391:7, which provides that all acts or parts of acts which are inconsistent with the provisions of the Uniform Trust Fund Act are thereby repealed.

It will be noted that a Common Trust Fund is nowhere defined in RSA ch. 391 or elsewhere in our statutes. However, it had a well defined meaning prior thereto. An authority in this field has said that a common trust fund in its technical sense means "(1) a fund composed of funds contributed by estates, trusts and guardianships, (2) established, maintained and operated by a bank or trust company for the exclusive use of its own estates, trusts and guardianships, (3) under authority or permission of the law

of the state in which the bank or trust company is located, (4) according to rules and regulations promulgated by the Board of Governors of the Federal Reserve System." Stephenson, Participating Investments — The Common Trust Fund Device, 12 Ohio St. L. J. 522, 526 (1951).

The life blood of any common trust fund is its exemption from federal income tax which can be obtained only by compliance with Regulation F of the Federal Reserve System. Internal Revenue Code of 1954, 26 U. S. C. A., s. 584; Bogert, Cases on Trusts (2nd ed.) 525. "Thus, these funds operate within a double framework, fixed in part by state legislation, and, in part, by Federal regulations which must be met if the fund is to be practically possible." 4 Powell, Real Property (1954) s. 546, p. 284. To the same effect is the Commissioners' Prefatory Note to the Uniform Common Trust Fund Act: "The reason for not covering . . . the details of the operation of such a common trust fund is that as a practical matter such details are covered by the regulations issued by the Federal Reserve Board . . . . " 9 Uniform Laws Annotated 148, 149. See 1 Bogert, Trusts and Trustees. s. 134.

In considering whether RSA ch. 391 was intended by the Legislature to have a broad or restrictive effect, attention may be directed to other statutes in which certain specified corporate and public trustees have been authorized to establish common trust funds or allowed to have collective investments. Prior to allowing banks qualified to act as fiduciaries to have common trust funds the Legislature had granted that privilege to state agencies administering state trust funds, RSA 11:5; to town and city trustees of trust funds, RSA 31:27-30; to cemetery corporations, RSA 289:14, 15. More recently the privilege to establish common trust funds has been granted to charitable corporations (RSA 292:18 supp. 1955) "for the purpose of facilitating investments, providing diversification and obtaining a reasonable income . . . . " RSA 292:19 supp. 1955. Likewise a public trustee for small charitable trusts may establish common trust funds and make collective investments (RSA 564:2-a, 2-b (supp. 1955) ) "for the purpose of facilitating investments, providing diversification and obtaining reasonable income." RSA 564:2-c (supp. 1955). These statutes evidence a clear legislative intent to give certain corporate and public trustees privileges that are not granted to testamentary trustees in general under RSA 564:18.

A well established and salutary principle of the law of trusts

is that a trustee cannot commingle trust funds with his own funds or with other trust funds. *Heaton* v. *Bartlett,* 87 N. H. 357; *Thyng* v. *Moses,* 65 N. H. 106, 107; Restatement, Trusts, s. 179, *comment* c. We have continued to follow this rule except where the Legislature has made selective exceptions to it. Note, The Common Trust Fund Statutes — A Legalization of Commingling, 37 Col. L. Rev. 1384. "Until fairly recently, courts were able to see only the bad side of mingling trust funds . . . Many states have authorized what have come to be called common trust funds. But as a general rule they have extended the privilege of mingling trust funds only to corporate fiduciaries." 3 Prentice-Hall, Wills, Estates and Trusts Service (1950) *par.* 10,000. Although diversification of investments is not an absolute and inflexible requirement of trust law, it has come to be recognized that commingling of trust funds under legislative authority for collective investment was a practical necessity in certain smaller trusts and is desirable in other trusts when managed by public or corporate trustees. Dicus, The Trustee's Dilemma: Retention or Diversification of Investments, 95 Trusts and Estates 1130 (1956). In other words common trust funds have been created and encouraged by legislative enactments although commingling of trust funds is inevitable when common trust funds are created. 3 (part 2) Bogert, Trusts and Trustees, s. 677 and 1956 supp.

RSA 564:18 provides for investments for trustees generally. This statute, which was last amended in 1949, provides that trustees of estates may make investments in four general categories only. The section is detailed but these categories may be explained in oversimplified summary as follows: The first category is certain mortgages, the second is deposits in certain banks, the third is stocks and bonds which are legal investments for savings banks, the fourth is stocks and bonds and other securities which may be invested in, under the prudent man rule, provided that fifty per cent of the trust estate is invested in the first three categories. There is nothing in this statute which authorizes investments in common trust funds. It has been argued that investments in the Common Trust Fund are securities within the meaning of RSA 564:18 IV and that therefore participation of any underlying trust in a common trust fund must be limited to fifty per cent of the assets of the trust. This argument overlooks the extensive legislative authorization of collective investments and common trust funds which has

steadily increased since RSA 564:18 was last amended in 1949. Considering this legislative history we conclude that the Common Trust Fund Act was not intended to be thus restricted by the general statute governing investments by trustees. The answer to the first transferred question is yes, and, notwithstanding the provisions of RSA 564:18, all or any part of the Hall trust may be invested in the Common Trust Fund by virtue of the Uniform Common Trust Fund Act.

It is our opinion that any trust which does not expressly or impliedly prohibit investment in common trust funds may be invested by a bank qualified to act as fiduciary in this state in its common trust fund when, as in this case, that fund is operated under a plan subject to federal and state law governing common trust funds and investments by trustees. Any other conclusion would be inconsistent with the legislative history of collective investment in this state, would be impractical of operation if limited to an investment of fifty per cent of the underlying trust under RSA 564:18 IV, and would impair the benefits of diversification and reasonable income in the case of small trusts. Inasmuch as the common trust fund in this case is being administered under severe and detailed federal and state regulations, there is no danger that the underlying trusts will be dissipated or subverted in their purposes by participation in the Common Trust Fund. See III Scott, Trusts (2nd *ed.* 1956) *s.* 227:9, *pp.* 1683-1687.

II. The second question transferred is as follows: "2. Is it correct that, if at the time when it is proposed to invest any funds of said residuary trust in interests in said common trust fund each of the investments then comprising said common trust fund could have been invested in by the trustee of said common trust fund consistently with the provisions of said plan had it not already been so invested in, none of the investments then comprising said common trust fund would be one in which funds of said residuary trust might not then lawfully be invested?" Although the transferred question is obscurely worded, we understand the inquiry to be simply whether it is correct to assume that investments for the common fund in accordance with the plan do not preclude continued investment of the Hall trust assets in the common Trust Fund. Our examination of the law and of the plan clearly indicates that the answer to this question is yes. This is so because the Uniform Common Trust Fund Act estab-

lished a new class of investments, interests in common trust funds, in which a bank qualified to act as fiduciary acting prudently could properly invest the funds of a particular underlying trust, and because of the provisions of the plan established by the plaintiff which control the administration of its trust fund. The Hall trust is not subject to the limitation contained in RSA 391:1 that it cannot be done if prohibited by the instrument or the court order creating the particular underlying trust or by a co-trustee thereof.

III.   It is our conclusion that the present law allows qualified banks to set up common trust funds from the assets of particular trusts which contain no prohibition against investment in common trust funds, and that the plaintiff's plan for the operation of its common trust fund is consistent with state law. The plan also appears to comply with the regulations of the Federal Reserve System, although that is a matter upon which we are not required to pass. However, this does not relieve a trustee of a common trust fund from the overriding duty of loyalty and the require-ment of making investments prudently even though it may have privileges not granted to individual trustees. *Miller* v. *Pender*, 93 N. H. 1. The remaining questions transferred by the Court required an answer only if the first question was answered in the negative. Consequently these questions become moot.

*Remanded.*

All concurred.